NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DOUGLAS ANTHONY POWELS, *Appellant.*

No. 1 CA-CR 13-0347
FILED 06-10-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-150344-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**JUDGMENT AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following Douglas Anthony Powels's conviction of criminal trespass, a Class 6 felony.  Powels's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259, 284-85 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  Powels was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Powels's conviction and sentence, but modify the judgment of conviction to omit the requirement that he pay for the cost of DNA testing.

**FACTS AND PROCEDURAL HISTORY**

¶2        Police stopped Powels on his bicycle early one morning.[1] While officers were running a records check, Powels fled, eventually jumping a fence into the backyard of a home.  Officers found Powels hiding in a bedroom closet inside the home.  At trial, the owners of the home testified Powels did not have permission to enter the house.  A jury convicted Powels of criminal trespass, and after he stipulated to three historical prior felony convictions, the court sentenced him to the presumptive term of 3.75 years' imprisonment.

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Powels.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3          Powels timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033 (2014).[2]

## DISCUSSION

### A.          Issues Suggested in Opening Brief.

¶4          Powels asked his appellate counsel to suggest that his trial attorney failed to adequately inform him of the terms of a plea offer.  Such an argument is a claim of ineffective assistance, which we will not review on appeal.  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) ("ineffective assistance of counsel claims are to be brought in Rule 32 proceedings").  In any event, the record illustrates that Powels was informed of the terms of the State's plea offer.  During the comprehensive pre-trial conference, the court reviewed the plea offer with Powels and informed him of the sentence he faced if he declined the offer and was found guilty.  Powels also suggests the superior court failed to conduct a hearing pursuant to *State v. Donald*, 198 Ariz. 406, 411-12, 418, ¶¶ 11, 45, 10 P.3d 1193, 1198, 1205 (App. 2000).   To the extent Powels argues the court failed to inform him of the terms of the plea offer, as stated above, this argument is without merit.  To the extent Powels's argument is directed at the conduct of his counsel, it constitutes a claim of ineffective assistance of counsel, which we will not review on appeal.  *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 414, ¶ 16, 153 P.3d 1040, 1043 (2007) (claim based on *Donald* is an ineffective assistance of counsel claim, which may be brought only pursuant to Arizona Rule of Civil Procedure 32).

¶5          Finally, Powels suggests the superior court erred by ruling the State could offer into evidence tape recordings of Powels's jail telephone calls because the State did not disclose the evidence until after trial began.  This argument is moot, however, because Powels never testified and the evidence, which was intended only for impeachment purposes, was never introduced.

### B.          Due Process Review.

¶6          The record reflects Powels received a fair trial.  He was represented by counsel at all stages of the proceedings against him and

---

[2]          Absent material revision after the date of the alleged offense, we cite a statute's current version.

was present at all critical stages. The court held appropriate pretrial hearings.

¶7            The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members with two alternates. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report and addressed its contents during the sentencing hearing.

¶8            The superior court also ordered Powels to "submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13-610." In an opinion issued after sentencing in this matter, this court held that A.R.S. § 13-610 (2014) does not authorize the court to require a convicted defendant to pay the DNA testing fee. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013). Accordingly, we modify the judgment of conviction to omit the requirement that Powels pay the cost of DNA testing.

## CONCLUSION

¶9            We have reviewed the entire record for reversible error, and with the exception of the requirement that Powels pay for DNA testing, we find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶10          After the filing of this decision, defense counsel's obligations pertaining to Powels's representation in this appeal have ended. Defense counsel need do no more than inform Powels of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for

review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  On the court's own motion, Powels has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Powels has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh