NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*


*v.*


PAUL WOODROW BROOKS, *Appellant.*

No. 1 CA-CR 15-0217
FILED 12-17-2015

_____

Appeal from the Superior Court in Maricopa County
No.  CR2013-457134-001
The Honorable Jerry Bernstein, Judge Pro Tempore

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

Paul Woodrow Brooks, Buckeye
*Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

_____

**H O W E**, Judge:

¶1   This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Paul Woodrow Brooks asks this Court to search the record for fundamental error. Brooks has filed a supplemental brief in propria persona, which we have considered. After reviewing the record, we affirm Brooks's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2   We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Brooks. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3   Late one night in 2013, a Mesa police officer noticed a car parked on the side of a road in a residential area known to the officer to have a high vehicle burglary rate. Inside the car, the officer saw two occupants who were not moving. The officer decided to approach the car to investigate "their intent of being in the neighborhood." When he did, he saw that the two occupants—a woman and a man later identified as Brooks—were sleeping. He also saw that the car was cluttered and "full of excessive property, belongings, [and] trash."

¶4   The officer woke Brooks and the woman up. Once awake, Brooks, who was in the driver's seat, spoke with the officer but was "fidgety" and having severe hand tremors. Brooks also pulled out a cigarette and attempted to light it on the wrong end. Based on his training and experience, the officer believed that Brooks was under the influence. The officer asked Brooks to get out of the car and administered a field sobriety test, which Brooks failed. The officer then asked for consent to search Brooks, and Brooks responded by pulling the contents of his pants pockets out. Among the items that Brooks pulled out were a small baggie with a white, crystal-like substance and a metal pipe with black residue in it.

¶5        Upon advising Brooks of his *Miranda*[1] rights, the officer asked him about the items. Brooks told the officer that he used the pipe to smoke marijuana and that the substance in the small baggie was methamphetamine. Brooks also told the officer that he had a syringe needle, but the officer could not find one during his search. The officer arrested Brooks, and the State subsequently charged him with possession or use of a dangerous drug and possession of drug paraphernalia.

¶6        Before trial, the State offered Brooks a plea agreement in exchange for a guilty plea to one count of possession of a dangerous drug, which Brooks accepted. But the trial court later rejected the agreement, finding that the agreement was not in the interest of justice and not appropriate under the circumstances of the case. At that time, defense counsel moved for an evaluation of Brooks's competency pursuant to Arizona Rule of Criminal Procedure 11.2, which provides that a party may make such a request to determine the defendant's competency to stand trial. The trial court granted the motion and transferred the case to the Arizona Rule of Criminal Procedure 11 Commissioner's Court.

¶7        The Commissioner's Court appointed two mental examination experts to conduct an evaluation on Brooks's competency to stand trial pursuant to A.R.S. § 13–4509, which requires experts to submit written reports of their evaluations to the court, and Arizona Rule of Criminal Procedure 11.3, which requires that the court appoint these experts to evaluate the defendant if reasonable grounds exist. The experts conducted the examinations and subsequently submitted their reports to the court. Based on the reports, the State and Brooks entered into a stipulation for determination of his competency. The Commissioner's Court accepted the stipulation and found Brooks incompetent to stand trial.

¶8        Two months later, another evaluation concluded that Brooks exaggerated his lack of knowledge of his legal situation and was competent to stand trial. The Commissioner's Court accepted the parties' stipulation to that report, found Brooks competent to stand trial, and transferred the case back to the trial court.

¶9        Before his trial, the State made allegations of several priors and alleged that Brooks's felony convictions within the previous ten years constituted an aggravating circumstance. The State also requested a hearing pursuant to Arizona Rule of Evidence 609, which provides that the State may impeach a testifying defendant with his prior convictions if the

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

probative value of those convictions outweighs their prejudicial effect. The trial court conducted this hearing at the start of Brooks's jury trial and ruled that the State could use a sanitized version of one of Brooks's prior felony convictions for impeachment purposes.

¶10 During the trial, a criminalist confirmed that the small baggie had 28 milligrams of a substance containing methamphetamine. After the State rested, defense counsel moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal, but the trial court denied the motion. Defense counsel again moved for a judgment of acquittal after closing arguments, but the trial court again denied it. The jurors ultimately convicted Brooks of possession or use of a dangerous drug and possession of drug paraphernalia.

¶11 The trial court conducted a joint trial on priors and sentencing hearing for Brooks's convictions. The trial court found that the State had proved that Brooks had ten prior convictions, and sentenced Brooks to concurrent terms of 9 years' imprisonment for the first count and 3.75 years' imprisonment for the second count with 355 days' presentence incarceration credit. Brooks timely appealed.

## DISCUSSION

¶12 We review the record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3, 270 P.3d 870, 872 (App. 2012). Counsel for Brooks has advised this Court that after a diligent search of the entire record, she has found no arguable question of law. In his supplemental brief, Brooks argues only that his defense counsel was ineffective because counsel did not move to suppress all evidence. However, this Court will not consider claims of ineffective assistance of counsel on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002). Such claims must be raised in a post-conviction proceeding pursuant to Arizona Rule of Criminal Procedure 32. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007).

¶13 We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Brooks at all stages of the proceedings, and the sentences imposed were within the statutory limits. We decline to order briefing and affirm Brooks's convictions and sentences.

¶14        Upon the filing of this decision, defense counsel shall inform Brooks of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Brooks shall have 30 days from the date of this decision to proceed, and if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶15        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5