SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA ex rel. ANDREW P. THOMAS, Maricopa County Attorney, | ) ) ) ) Arizona Supreme Court No. CV-06-0303-PR |
| Petitioner, | ) ) ) Court of Appeals Division One No. 1 CA-SA 06-0006 |
| v. | ) ) |
| THE HONORABLE DOUGLAS L. RAYES, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) ) ) ) ) Maricopa County Superior Court Nos. CR 2004-012417-001DT     CR 2005-119508-001DT |
| Respondent Judge, | ) ) |
| ANTHONY JAMES REYNAGA, | ) **O P I N I O N** ) |
| Real Party in Interest. | ) ) ) |
| _____ | ) |

Order of the Superior Court in Maricopa County
The Honorable Douglas L. Rayes, Judge

**VACATED AND REMANDED**

_____

Opinion of the Court of Appeals, Division One
213 Ariz. 326, 141 P.3d 806 (App. 2006)

**VACATED**

_____

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                    Phoenix
     By   David E. Wood, Deputy County Attorney
Attorneys for State of Arizona

SUSAN SHERWIN, OFFICE OF THE LEGAL ADVOCATE                   Phoenix
     By   James Logan, Deputy Legal Advocate
          Thomas J. Dennis, Deputy Legal Advocate
Attorneys for Anthony James Reynaga

LEWIS AND ROCA LLP                                            Phoenix
      By    James J. Belanger
            Elias P. Batchelder
Attorneys for Amicus Curiae
Arizona Attorneys for Criminal Justice
_____

**H U R W I T Z**, Justice

¶1      This case requires us to determine whether, in a
pretrial proceeding, the superior court can order reinstatement
of an expired plea offer upon finding that defense counsel
engaged in excusable neglect by failing to convey the offer to
her client.

**I.**

¶2      In April 2004, Anthony James Reynaga was charged with
theft of means of transportation.  On July 6, 2005, a Maricopa
County grand jury indicted Reynaga for armed robbery.  The
prosecutor sent two written plea offers to defense counsel, one
in each pending case.  Each offer was contingent on acceptance
of the other.  The offers were transmitted on August 23, 2005,
and each stated that it would expire on September 15.  No
response to either offer was received by September 15.

¶3      At a trial management conference six weeks after the
offers expired, defense counsel asked the prosecutor why no plea
offers had been extended.  The prosecutor replied that the State
had made offers, but that they had "long expired."  Defense
counsel later told the superior court that she was unaware of

the offers before the trial management conference. She claimed that she had hired a new secretary who placed both plea offers in the file for the theft case without bringing them to the attorney's attention. Despite a defense request, the State refused to reinstate the plea offers.

¶4 Finding that the defense attorney's conduct constituted "excusable neglect," the superior court ordered the prosecutor to reinstate the plea offers. Several days later, the State asked the superior court to reconsider that order. The prosecutor argued that reinstatement of a plea offer could not be ordered under *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), in the absence of a finding of ineffective assistance of counsel. The superior court, however, refused to find that counsel had been ineffective and reaffirmed its reinstatement order on the basis of counsel's excusable neglect. Shortly thereafter, new counsel was appointed to represent Reynaga.

¶5 The State then filed a special action in the court of appeals seeking to overturn the order reinstating the plea offers. The court of appeals accepted jurisdiction and granted relief. The court first unanimously held that *Donald* permits reinstatement of a lapsed plea offer only if a defendant has received ineffective assistance of counsel during the plea bargaining process. *State ex rel. Thomas v. Rayes (Reynaga)*,

213 Ariz. 326, 329-30 ¶ 9, 141 P.3d 806, 809-10 (App. 2006). Notwithstanding the superior court's refusal to find ineffective assistance, a majority of the panel concluded that it was "clear that trial counsel's failure to communicate the County Attorney's plea offer to Reynaga constituted ineffective assistance, thereby implicating *Donald*." *Id.* at 330 ¶ 10, 141 P.3d at 810.

¶6        The court of appeals nonetheless vacated the superior court's order reinstating the plea offers. The majority held that *Donald* had been incorrectly decided and that reinstatement of the plea offers was not a permissible remedy for ineffective assistance of counsel. *Id*. at 334-36 ¶¶ 21-26, 141 P.3d at 814-16. The panel explained that because charging decisions and plea negotiations are within the discretion of the executive branch, the doctrine of separation of powers prevents the judiciary from reinstating a plea offer. *Id.* at 336 ¶ 26, 141 P.3d at 816. The court of appeals instead "direct[ed] the parties to return to the plea negotiation stage" and prohibited the State from "rely[ing] on the expired plea-offer deadline as a reason to avoid plea offer negotiations." *Id.* ¶ 27.

¶7        Judge Norris concurred in part and dissented in part. She agreed with the majority's conclusion that under *Donald* a court may order reinstatement of a plea offer only if the defendant has received ineffective assistance of counsel in the

4

plea negotiation process. *Id*. at 337-38 ¶¶ 32-33, 141 P.3d at 817-18. She parted company with the majority, however, with respect to its conclusion that Reynaga had in fact received ineffective assistance of counsel, stating that such a determination should be made, in the first instance, by the trial court. *Id*. at 338-39 ¶¶ 34-35, 141 P.3d at 818-19. Even assuming that defense counsel's performance was constitutionally deficient, Judge Norris indicated that it was not yet clear whether Reynaga had been prejudiced, as the superior court had not found that he would have accepted the offers when tendered. *Id*. at 339 ¶ 37, 141 P.3d at 819. Nor did the record establish that Reynaga and the State would eventually fail to reach an acceptable plea agreement. *Id*. ¶ 38.[1]

¶8    Reynaga petitioned for review and the State joined in that request. We granted review because of the direct conflict between *Donald* and the opinion below. *See* ARCAP 23(c)(3) (listing the fact that "conflicting decisions have been rendered by the Court of Appeals" as a reason for granting review). We

---

[1]    Although characterizing the majority's criticism of *Donald* as "dicta," *Reynaga*, 213 Ariz. at 338 ¶ 34, 141 P.3d at 818, Judge Norris nonetheless addressed the issue. Her view was that the Sixth Amendment provides the superior court, in an appropriate case, with the power to remedy ineffective assistance of counsel in the plea bargaining stage by ordering reinstatement of a plea offer. *Id*. at 339-40 ¶¶ 39-43, 141 P.3d at 819-20.

have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

## A.

¶9     We agree with the unanimous holding of the court of appeals that the superior court cannot order reinstatement of a lapsed plea offer simply because defense counsel has engaged in excusable neglect.

¶10     The Sixth Amendment guarantee of right to counsel entitles a defendant to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  A Sixth Amendment ineffective assistance claim has two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."  *Id.* at 687.

¶11     The issue that divided the court of appeals in *Donald* was whether reinstatement of a lapsed plea offer can be an appropriate remedy for violation of the defendant's Sixth Amendment rights.  *See* 198 Ariz. at 416 ¶ 32, 10 P.3d at 1203 (describing reinstatement as "a remedy for violation of a defendant's Sixth Amendment rights"); *id*. at 418 ¶ 48, 10 P.3d at 1205 (Berch, J., concurring in part and dissenting in part) (describing the issue as whether "the trial court may order the

6

prosecution to reinstate a plea agreement to remedy a violation of a defendant's right to counsel at the plea bargaining stage of the proceedings"). Indeed, as the opinion below noted, it appears that "no court in the United States has ordered a *Donald*-type remedy unless it first found that defense counsel failed to provide effective assistance under the Sixth Amendment." *Reynaga*, 213 Ariz. at 329 ¶ 9, 141 P.3d at 809. Under *Strickland* and its progeny, a violation of the Sixth Amendment is not established simply by proof of counsel's excusable neglect; it follows that the superior court erred in premising a *Donald* remedy on such a showing.

**B.**

¶12    Although we agree with the court of appeals that the superior court's finding of excusable neglect cannot justify reinstatement of the lapsed plea offers, we part company with its holding that the record in this case establishes ineffective assistance of counsel. Even assuming that the failure to communicate a plea offer to a defendant before it expires is deficient performance under the first prong of *Strickland*, the limited record in this case cannot support a conclusion that Reynaga has suffered the prejudice required by the second *Strickland* prong.

¶13    The essence of Reynaga's claim – and the crux of any claim of ineffective assistance of counsel during plea

7

negotiations – is that but for the deficient performance of counsel the defendant would have obtained a result more favorable than the actual disposition of his case. Even assuming that Reynaga would have accepted the original offers before they expired,[2] the superior court simply could not have concluded at this stage of the case that Reynaga was in fact prejudiced by counsel's performance. We do not yet know the eventual outcome of the charges against Reynaga. If he is acquitted or receives a disposition no less favorable than that offered by the State in the original plea offers, he will have suffered no constitutional prejudice because the result of the case would not have been affected by counsel's deficiencies. *See United States v. Gray*, 382 F. Supp. 2d 898, 910 (E.D. Mich. 2005) (stating that ineffective representation claims relating to plea negotiations, which require the court to assume a verdict of guilt on specific charges, are "grossly premature" before "conviction and sentencing").

---

[2] Although the trial court made no such factual finding here, the court of appeals concluded that Reynaga "would have accepted the County Attorney's original plea offer had he been aware of it." *Reynaga*, 213 Ariz. at 331 ¶ 12, 141 P.3d at 811. To be sure, Reynaga's prompt acceptance of the reinstated offers is evidence that he probably would have done the same if he had been informed of the original offers. As Judge Norris noted, however, appellate courts should not normally make such factual findings in the first instance, particularly in the absence of a trial court evidentiary hearing on the subject. *Id.* at 338-39 ¶¶ 35-36, 141 P.3d at 818-19.

8

¶14    Indeed, at oral argument, the State suggested that it may well opt, even if the superior court's order is vacated, to reinstate the original plea offers.  If it does so, Reynaga will have suffered no prejudice from original counsel's deficient performance.

¶15    We therefore hold that the court of appeals erred in concluding that Reynaga established a violation of his Sixth Amendment right to effective assistance of counsel.  Given that error, it was unnecessary for the court of appeals to consider whether such a violation could entitle Reynaga to the remedy provided in *Donald* – reinstatement of the expired plea offer. Nor was it necessary for the court of appeals to consider the continued vitality of *Donald*.  There will be time enough to consider those issues in a case in which the record establishes that the defendant was prejudiced by counsel's deficient performance.

## C.

¶16    Although the trial court and the court of appeals did not address the issue, their consideration of a *Donald* remedy was premature for another reason.  As noted above, a request for reinstatement of a plea offer under *Donald* must be premised on a showing of ineffective assistance of counsel.  And, in *State v. Spreitz*, we held unequivocally that "ineffective assistance of

counsel claims are to be brought in Rule 32 proceedings." 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002).

**¶17** *Spreitz* involved an ineffective assistance claim raised on direct appeal from a conviction and thus can be distinguished from the case at hand. But the reasoning of *Spreitz* applies with equal force here. If the appellate courts cannot consider "[a]ny such claims . . . raised in a direct appeal," *id.*, it necessarily follows that the superior court should not address such claims before trial. Any other result would mean that a pretrial order rejecting an ineffective assistance of counsel claim could not be considered by an appellate court until a post-conviction relief proceeding has been completed by the very court that issued the pretrial ruling. Judicial economy is better served by reserving ineffective assistance of counsel claims for Rule 32 proceedings in the first instance. *See id.* (noting that judicial economy is served by avoiding "piecemeal litigation" of ineffective representation claims); *State v. Conner*, 163 Ariz. 97, 100, 786 P.2d 948, 951 (1990) (same).[3]

---

[3] Similarly, if ineffective assistance of counsel claims are considered before trial and the defendant is successful in obtaining reinstatement of a lapsed plea offer, the State's only relief (as here) would be through an interlocutory appellate special action. In contrast, if the issue can be raised in the first instance only in a Rule 32 proceeding, the State can seek review of any adverse order in the court of appeals after completion of any final trial court decision. *See* Ariz. R.

¶18     Indeed, as we noted above, because prejudice is an essential component of any Sixth Amendment ineffective assistance of counsel claim, a conclusion that a defendant has been prejudiced by deficient performance before disposition of the charges at the trial level is purely speculative. *Spreitz* thus also serves judicial economy by deferring such claims until prejudice can be determined.

¶19     Any other approach would invite unnecessary disruption and delay of the case. We cannot expect the very counsel whose performance is alleged to be deficient to present a claim of ineffective assistance. *See State v. Bennett*, 213 Ariz. 562, 566 ¶ 14, 146 P.3d 63, 67 (2006); *State v. Robles,* 135 Ariz. 92, 96, 659 P.2d 645, 649 (1983). In many cases, the defendant's claim of ineffective assistance puts trial counsel in a position of conflict with his client, particularly when the facts are contested. Trials on the merits would be unnecessarily delayed if every colorable claim of ineffective assistance of counsel resulted in at least the temporary need for new counsel to present that claim.

¶20     We therefore hold, consistent with *Spreitz*, that a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding – not before trial,

---

Crim. P. 32.9(c) (allowing any party aggrieved by a final judgment to petition for review in the court of appeals).

at trial, or on direct review. In so holding, we do not suggest that a defendant or his counsel cannot or should not bring attorney errors to the attention of the court in advance of trial or at trial. On the contrary, although trial judges cannot consider *Donald*-type relief in pretrial proceedings, a court may take other remedial steps, such as replacement of defense counsel, when confronted with evidence of deficient performance. *See generally State v. Cromwell*, 211 Ariz. 181, 186-88 ¶¶ 27-37, 119 P.3d 448, 453-55 (2005) (discussing criteria for replacement of appointed counsel). Similarly, the State can act in response to evidence of ineffective assistance in plea negotiations to avoid any eventual prejudice. Thus, the State in this case is free to reinstate its previous plea offers. Indeed, such a course of action would moot any potential prejudice to Reynaga from original counsel's performance and avoid future litigation over the appropriate remedy for any ineffective assistance of counsel.

### III.

¶21 For the reasons above, we vacate the order of the superior court and the opinion of the court of appeals. We remand the case to the superior court for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Justice


12

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice