NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DEPREE DEVINE RUSSELL, *Petitioner*.

No. 1 CA-CR 13-0746 PRPC

Appeal from the Superior Court in Maricopa County
No. CR 1993-003255
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Depree Devine Russell, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

**¶1**        Depree D. Russell filed a petition for review with this court after the trial court dismissed his petition for post-conviction relief. We have considered his petition for review and, for the reasons that follow, grant review, but deny relief.

**¶2**        Russell was convicted, after a jury trial, of first degree murder, attempted armed robbery, first degree burglary, attempted kidnapping, and conspiracy to commit armed robbery. Russell was subsequently sentenced to an aggregate term of life imprisonment with a possibility of parole after twenty-five years. We affirmed his convictions and sentences on direct appeal. *State v. Russell*, 1 CA-CR 94-0227 (Ariz. App. Aug. 13, 1995) (mem. decision).

**¶3**        Russell then filed a series of unsuccessful petitions for post-conviction relief or habeas corpus, beginning in October 1995, which were summarily dismissed by the trial court, and any petitions for review were dismissed. Russell filed a petition for post-conviction relief on August 19, 2013, which argued that his trial lawyer had a conflict of interest and was ineffective for misleading him into rejecting the plea offer. After consideration, the trial court summarily dismissed the petition.[1] We have jurisdiction to consider his petition for review pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶4**        Russell argues his trial counsel was ineffective during pretrial plea negotiations. Russell further contends he is entitled to raise this claim in a successive, untimely petition for post-conviction relief based on the United States Supreme Court decisions of *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), both of which, Russell argues, are significant changes in the law. In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *Frye*, 132 S. Ct. at 1407-08; *Lafler*, 132 S. Ct. at 1384. In

---

[1] The ruling misstates that the August 2013 was only Russell's second PCR.

*Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. *Frye*, 132 S. Ct. at 1408.

**¶5**　　　　We grant review of Russell's petition. We note, however, that although *Frye* and *Lafler* are recent pronouncements of the United States Supreme Court, Arizona has recognized since at least 2001 that the right to effective assistance of counsel extends to the plea bargain process, and that counsel must adequately communicate all plea offers to the defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).[2] Therefore, *Frye* and *Lafler* are not significant changes in the law as applied in Arizona.

**¶6**　　　　From 1995 through 2000, Russell filed a number of petitions and raised a number of issues on post-conviction review, including the effectiveness of his trial lawyer and the lawyer who handled his direct appeal. Although he challenged his lawyer's actions during trial, he never complained of any deficiency related to the plea offer before *Frye* and *Lafler*. He, however, could have included the allegations related to the plea process, but did not. Moreover, he did not provide any facts to the trial court other than the 2012 decisions for his failure to raise the plea offer ineffective claim.[3] Because our rules of procedure require that any claim a defendant could have raised in an earlier post-conviction relief proceeding must be raised or is precluded, Arizona Rule of Criminal Procedure 32.2(a),

---

[2] In fact, the Supreme Court's decision in *Frye* noted our holding in *Donald*. *Frye*, 132 S. Ct. at 1409. Moreover, our supreme court clearly reiterated in *State ex rel. Thomas v. Rayes*, that the issue of whether counsel was ineffective for failing to communicate a written plea offer can only be resolved by a post-trial Rule 32 proceeding. 214 Ariz. 411, 412, 414, ¶¶ 2-3, 16-20, 153 P.3d 1040, 1041, 1044 (2007).

[3] In his petition for review, Russell raised factual claims that he did not raise to the trial court. Specifically, he contends that his first trial lawyer, before she withdrew, did not accurately portray the nature of the plea agreement, misled him to believe he could not get a plea because he did not see the shooting, and that she did not want him to testify against one of her former clients in an unrelated matter. Although counsel had been in negotiations with the State, Russell has not demonstrated that the State offered him a plea agreement that he rejected, either before or after the lawyer withdrew based on a perceived conflict. Because the facts in the petition for review were not raised in the August 2013 petition, we cannot review them for the first time on appeal. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

in order to avoid piecemeal challenges, the trial court did not err by dismissing the August 2013 petition.  Accordingly, we deny relief.

¶7            We grant review and deny relief.