NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LUIS GABRIEL-GABRIEL, *Appellant.*

No. 1 CA-CR 14-0524
FILED 10-15-15

Appeal from the Superior Court in Maricopa County
No. CR2013-105412-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Luis Gabriel-Gabriel, Douglas
*Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

**C A T T A N I**, Judge:

¶1        Luis Gabriel-Gabriel appeals his conviction of one count of aggravated assault using a deadly weapon.

¶2        Gabriel's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous, and asking us to search the record for fundamental reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). Gabriel filed a supplemental brief in propria persona, arguing his appellate attorney failed to prepare a complete record for purposes of a fundamental error review. After reviewing the record and considering the issue raised in Gabriel's supplemental brief, we affirm his conviction and resulting sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶3        The victim ("R.S."), rented a room from Gabriel, who lived with his wife ("R.D.") and two of their children. One afternoon at approximately 1:30 p.m., R.S. and R.D. were having a conversation regarding a payment for a car R.S. had sold to one of Gabriel and R.D.'s sons. Gabriel returned home from work and found R.S. and R.D. talking. Gabriel became angry, believing R.D. and R.S. were having an affair. Gabriel went to the kitchen and returned with two knives. Gabriel attacked R.S. with the two knives, and the two men started to wrestle. R.S. was able to take one knife away but was unable to secure the other one. Gabriel attempted to stab R.S. in the stomach, and he cut R.S.'s arm.

¶4        R.D. called 911, and police officers arrived while Gabriel and R.S. were still fighting. The officers ordered both men to leave the apartment, and both men received medical treatment for their injuries, which for R.S. included severe lacerations to his head and arm.

¶5        The State charged Gabriel with one count of aggravated assault, a class 3 dangerous felony under Arizona Revised Statutes

("A.R.S.") § 13-1204(A)(2).[1]  Gabriel agreed to plead guilty to aggravated assault, a class 3 non-dangerous felony, and at a change of plea hearing, the superior court found that Gabriel knowingly, intelligently, and voluntarily entered into the plea agreement.

¶6        Gabriel subsequently filed a motion to withdraw from the agreement, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), and asserting that he was unaware that the charge to which he pleaded guilty was a deportable offense.   After briefing and argument, the court granted Gabriel's motion to withdraw from the guilty plea.

¶7        The case proceeded to trial, and the jury convicted Gabriel of aggravated assault.   The jury subsequently found the crime to be a dangerous offense because it involved the use or threatening exhibition of a knife.   The jury also found in aggravation that the offense involved the infliction or threatened infliction of serious physical injury, and that it caused physical, emotional, or financial harm to the victim.

¶8        The court sentenced Gabriel to a mitigated sentence of five years' incarceration, with 96 days' credit for presentence incarceration. Gabriel timely appealed.

## DISCUSSION

¶9        We have read and considered counsel's brief, as well as Gabriel's supplemental brief, and we have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.

¶10       Gabriel was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Gabriel all his rights under the constitution and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict.  Gabriel's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

¶11       Gabriel argues in his supplemental brief that his appellate counsel failed to prepare a complete record for review for fundamental error and that the record is thus deficient.  But a claim of ineffective assistance of counsel cannot be raised on direct appeal and instead must be

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

raised in a post-conviction proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007). Accordingly, we decline to address this argument.

**¶12**　　　After the filing of this decision, defense counsel's obligations pertaining to Gabriel's representation will end by informing him of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Gabriel shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

## CONCLUSION

**¶13**　　　Gabriel's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: jt

4