NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CRAIG N. WAYMENT, *Appellant*.

No. 1 CA-CR 15-0012
FILED 2-23-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-449198-001
The Honorable Roland J. Steinle, III, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

Craig N. Wayment
*Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Craig Wayment has advised us that she has searched the entire record, has been unable to discover any arguable questions of law, and has requested that we conduct an *Anders* review of the record. Wayment has raised issues in his supplemental brief.

### FACTS[1]

**¶2**      Detective Osborne, while working undercover, went to a house to buy methamphetamine on September 26, 2013. He knocked on the door, asked to speak to a person named Craig, and a person, who he identified as Wayment, came to the door. The detective asked to buy a 16th of an ounce of methamphetamine, was told he could not get that much, and thus asked for whatever he could get for $100. Wayment went inside, returned a few minutes later, and completed the sale of drugs. Detective Troth, who was nearby, took the package, conducted a field test, and submitted it for further testing at the crime laboratory. Wayment was subsequently arrested and indicted for sale or transportation of dangerous drugs.

**¶3**      The case went to trial, and the jury found Wayment guilty. He was subsequently sentenced to five years in prison, and given 103 days of presentence incarceration credit. He appealed, and we have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

¶4        We have read and considered the opening brief. Additionally, we have considered the supplemental brief. In it, Wayment raises two issues. First, he contends the evidence was insufficient to convict him. Second, he argues there were multiple due-process violations.

### I.        Sufficiency of the Evidence

¶5        Wayment argues there was insufficient evidence to convict him for the sale of methamphetamine. He contends the police did not follow their own internal procedures and fabricated evidence. He also argues that alleged inconsistencies in the evidence require a presumption that the evidence is false.

¶6        Because the fact finder, the jury, is in the best position to determine the credibility of witnesses after direct and cross-examination, *see State v. Estrada*, 209 Ariz. 287, 292, ¶ 22, 100 P.3d 452, 457 (App. 2004), we will not reweigh the evidence on appeal, *see State v. Lee*, 189 Ariz. 608, 615, 944 P.2d 1222, 1229 (1997). We will only set aside a conviction for insufficient evidence if it "clearly appear[s] that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987) (citation omitted). And there is no presumption in the law that if evidence is inconsistent it is false.

¶7        Here, there was sufficient evidence to support Wayment's conviction. Detective Osborne testified at trial, and identified Wayment as the person who sold him the methamphetamine. Detective Troth testified that the package Wayment sold to Detective Osborne was maintained in the proper chain of custody, and the criminologist who tested the substance inside the package at the Mesa crime lab confirmed that the substance was two grams of methamphetamine. All the State's witnesses were subject to cross-examination and impeachment.

---

[2] We cite the current version of the applicable statutes unless otherwise noted.

**¶8**        Wayment, however, contends that he was misidentified and did not sell any drugs that evening.  The evidence belies his contention.  Detective Osborne testified that he met Wayment before the September 26 drug sale.  Moreover, during his post-arrest interrogation, Wayment told Detective Troth that although he had sold methamphetamine as a means of income after his tools were stolen, he had not sold drugs to Detective Osborne because he had received an inheritance and had gotten "out of the business" days before the alleged transaction.  The jury had to weigh the conflicting information, along with all the other evidence, and decide the credibility of the witnesses in reaching the verdict.  Because we do not reweigh the evidence, we find that the evidence supports the jury's verdict.  We find no error.

## II.    Due Process Violations

### A.  Ineffective Assistance of Counsel

**¶9**        Wayment contends that his due-process rights were violated as a result of ineffective assistance of counsel.  First, he argues his lawyer was ineffective because his lawyer did not get an expert to examine the recording of his interview at the police station, failed to present a video recording that the sale never happened, and failed to call seven witnesses that Wayment wanted to testify.  Second, he claims that the public defender's office is inadequately staffed and, as a result, he did not get competent representation.

**¶10**        A claim of ineffective assistance of counsel can only be brought through a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32, and will not be addressed on direct appeal.  *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007).  As a result, we will not address the ineffective assistance of counsel claim.

### B.  Conflict of Interest

**¶11**        Wayment next argues that his due-process rights were violated because his lawyer, who he alleges is paid by the State of Arizona, had discretion to determine who would be on the witness list and how to present his defense.[3]  Wayment, however, did not raise the issue with the trial court and has not cited to any legal authority supporting his argument, and, as a result, has waived the argument on appeal.  *See State v. Moody*, 208

---

[3] Lawyers working for the Maricopa County Public Defender's Office are not employed or paid by the State of Arizona.

Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) ("Merely mentioning an argument is not enough . . . briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (internal quotation marks and citation omitted). Consequently, we will not address the claim.

## FUNDAMENTAL ERROR REVIEW

¶12 We have searched the entire record for reversible error, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Wayment was represented by counsel at all stages of the proceedings, the final jury instructions were appropriate, and the sentence imposed was within the statutory limits.

¶13 After this decision is filed, counsel's obligation to represent Wayment in this appeal has ended. Counsel must only inform Wayment of the status of the appeal and Wayment's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Wayment may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶14 Accordingly, we affirm Wayment's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama