NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DAVID QUINTON MELENDEZ, *Petitioner.*

No. 1 CA-CR 15-0608 PRPC
FILED 10-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-006739-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Droban & Company PC, Anthem
By Kerrie M. Droban
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

¶1            David Quinton Melendez petitions this court for review from the superior court's dismissal of his petition for post-conviction relief.  We review for abuse of discretion the superior court's denial of post-conviction relief.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            A grand jury indicted Melendez on charges of aggravated assault, a dangerous felony, and misconduct involving weapons.  The State later amended the indictment to allege prior felony convictions.  After a trial, the jury convicted Melendez of both charges and found one of two alleged aggravating factors.  At sentencing, the superior court found Melendez was previously convicted of a dangerous felony in Florida, and sentenced Melendez to concurrent terms of incarceration, the longest of which was 12.5 years.  This court affirmed the convictions and sentences on direct appeal.  *State v. Melendez*, 1 CA-CR 12-0703, 2014 WL 1232429 (Ariz. App. Mar. 25, 2014) (mem. decision).

¶3            Represented by counsel, Melendez filed a petition for post-conviction relief.  Citing his own two declarations supporting his petition, Melendez argued he relied on faulty advice from his trial counsel in rejecting a plea offer to admit one count of aggravated assault with a stipulation of no more than the presumptive prison term of 7.5 years.  He asserted his lawyer told him that he would likely receive the same sentence if he rejected the offer and were convicted.  He explained that his lawyer advised him that the State could not use his prior convictions against him for sentencing enhancement purposes because they were non-dangerous offenses, and that, as a result, the aggravated assault charge would be his first dangerous conviction.  Further, he asserted, "At no time did [trial counsel] review with me the possible sentencing range for a class 3 *dangerous* offense with a *dangerous* prior (a range I have since learned carries a possible 10-20 years in prison)."  He asserted that just before sentencing, the State told his trial counsel that his Florida conviction would constitute

a dangerous offense for purposes of enhancement, but his lawyer still did not advise him that he might face "a potential *repetitive* dangerous sentencing range."

¶4 The State responded, arguing Melendez's claims were precluded and he failed to provide evidence to support a colorable claim of prejudicial ineffective assistance of counsel. In its response, the State referred to statements made by Melendez at a hearing, a final trial management conference and a settlement conference.

¶5 After receiving Melendez's reply, the superior court set the matter for an evidentiary hearing, at which Melendez and his trial lawyer testified. After hearing the evidence, the superior court dismissed Melendez's petition for post-conviction relief "[f]or the reasons set forth on the record."

¶6 On review, lacking a transcript of the evidentiary hearing at which the superior court explained its reasoning in denying Melendez's petition, this court revested jurisdiction in the superior court to make findings of fact and conclusions of law. We also directed the superior court clerk to supplement our record with any exhibits filed in connection with the petition for post-conviction relief. This court now has received a copy of the transcript of the evidentiary hearing conducted by the post-conviction court; that court also has entered findings of fact and conclusions of law that detail the basis for its ruling.[1]

¶7 At the hearing, Melendez's trial lawyer testified that the State offered an agreement by which Melendez would plead guilty to a Class 3 dangerous felony, with a stipulated sentence of between five and seven and a half years. The lawyer conceded he mistakenly advised Melendez that he might receive the same sentence after trial; in reality, a conviction on a dangerous Class 3 felony with a prior dangerous offense conviction would subject a defendant to a sentence of twice that term, according to the lawyer. The lawyer also testified, however, that he told Melendez that if the State were to allege a prior dangerous conviction, he might be sentenced to as long as 15 years after a trial. He flatly denied telling Melendez that if he rejected the plea offer and were to be convicted, he would receive the same sentence as in the plea offer. Further, he testified that Melendez never told

---

[1] This court also acknowledges that Melendez has filed in this court copies of certain exhibits that were filed in the superior court with his petition for post-conviction relief.

him that he would be willing to accept a plea that would result in a sentence of more than five years in prison.

¶8 During the hearing, Melendez's trial counsel was cross-examined about a declaration he signed in support of Melendez's petition for post-conviction relief. In that declaration, the lawyer stated that Melendez rejected the 7.5-year offer "based on the erroneous belief that he could receive the same sentence if he proceeded to trial." In the declaration, the lawyer stated that documents he received in response to discovery requests revealed that Melendez's prior armed-robbery felony constituted a dangerous felony. He further stated, "Unfortunately, and to Melendez' detriment, I discussed plea negotiations with Melendez based on my impression that his Florida prior could be a non-dangerous offense, dangerous offense, or multiple offenses." He elaborated: "During plea negotiations, I conveyed to Melendez that if convicted at trial the most he faced was 5-15 years dangerous since it appeared as through [sic] the State did not seek to prove the prior conviction as a dangerous offense."

¶9 Melendez conceded at the hearing that, at a prior settlement conference, the judge had outlined for him the various sentencing ranges he faced at trial, telling him that he could be sentenced to as long as 15 years in prison. Nevertheless, Melendez testified that in advising him about the plea offer, his trial counsel told him that he would face a sentence of no more than 7.5 years after a trial; Melendez denied that his lawyer told him he could be sentenced to as long as 15 years.

¶10 In dismissing Melendez's petition for post-conviction relief, the superior court found Melendez's trial counsel more credible than Melendez. Indeed, the court found Melendez's testimony "totally incredible." The court also found that Melendez would not have accepted the plea offer even if his lawyer had not misspoken about the low range of a possible sentence. The court ruled that Melendez failed to show that his trial counsel performed below the prevailing standard of reasonableness or, if his lawyer did perform unreasonably, that he was thereby prejudiced.

¶11 "The Sixth Amendment guarantee of right to counsel entitles a defendant to 'effective assistance of counsel.'" *Thomas v. Rayes*, 214 Ariz. 411, 413, ¶ 10 (2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). "A Sixth Amendment ineffective assistance claim has two components: 'First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.'" *Id.* (quoting *Strickland*, 466 U.S. at 686).

**¶12** "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). On the record presented, the superior court did not abuse its discretion in finding Melendez's trial counsel more credible than Melendez, and based on that determination, in dismissing Melendez's petition.

**¶13** Accordingly, we grant review of Melendez's petition for review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA