NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STANLEY WILBURN SMITH, *Appellant.*

No. 1 CA-CR 24-0205
FILED 01-09-2025

Appeal from the Superior Court in Yavapai County
No.  P1300CR202201244
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

_____

**J A C O B S**, Judge:

¶1            This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Appellant/Defendant Stanley Smith  has advised this Court that he found no arguable questions of law and asks us to search the record for fundamental error.  Smith has filed a supplemental brief, alleging that defense counsel's performance at trial was deficient.  Smith was convicted of ten counts of sexual exploitation of a minor, all class 2 felonies, and sentenced to ten consecutive sentences of ten years each, resulting in a total of 100 years imprisonment.  After reviewing the record and the briefs, we affirm Smith's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            On September 29, 2022, Smith's live-in girlfriend, Patricia Corbiere, discovered several illicit sexual photographs of children on Smith's cellphone.  Feeling "hysterical[,]" Corbiere deleted the images from Smith's phone.  Before deleting the images, however, Corbiere used her phone to take photographs of five of the "more disgusting" images displayed on Smith's phone because she "did not want [Smith] to be able to come back and say that the photos weren't there on his phone when they were."

¶3            The next day, Corbiere reported this discovery to the Prescott Police Department.  After interviewing Corbiere, law enforcement arrested Smith and seized both Smith's cellphone and Corbiere's.  Smith admitted during an interview that his phone contained images of children and that he had masturbated to those images.

¶4            After applying for and receiving a search warrant for both Smith's phone and Corbiere's, the detectives performed a forensic download of both cellphones and recovered the images that Corbiere deleted from Smith's phone.  The detectives then consulted Dr. Maria Aldana Sierra, an attending physician in the child protection team at

Phoenix Children's Hospital. She concluded that all ten sexually exploitive images depicted girls under fifteen years old.

¶5             Smith was indicted on ten counts of sexual exploitation of a minor, all class 2 felonies. At his arraignment, Smith pleaded not guilty. At trial, the jury rendered guilty verdicts on all counts and found that all ten sexually exploitive images depicted girls under the age of fifteen.

¶6             In preparation for sentencing, the court reviewed the record and the presentence investigation report. During the hearing, the court found several mitigating factors, including Smith's childhood trauma, the lack of felonies in his criminal history, his cooperation with law enforcement, and the support letters submitted by his family. The court found no aggravating factors beyond acknowledging the severity of Smith's offense. The court ultimately sentenced Smith to ten consecutive sentences of ten years each, resulting in a total of 100 years imprisonment, with credit for 52 days of presentence incarceration.

¶7             Smith timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

¶8             We find no reversible error. The record reflects that Smith was represented at all stages and afforded all constitutional and statutory rights and that all proceedings were conducted in accordance with all applicable procedural rules. The record contains substantial evidence supporting the verdict, and the court's sentence was within the statutory limits.

¶9             The record reflects that Smith was represented by counsel, who was present at all critical stages of the proceedings. However, Smith argues in his supplemental brief that defense counsel was incompetent, alleging that counsel was inconsiderate concerning Smith's health challenges and failed to communicate with Smith about the case. But claims of ineffective assistance of counsel may not be raised on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20 (2007). Instead, such claims must be presented to the trial court in a post-conviction relief proceeding. *Id.* We thus decline to address the issue in this direct review proceeding.

¶10             At trial, the State presented sufficient evidence of Smith's guilt, and the jury properly rendered a guilty verdict. "A person commits sexual exploitation of a minor by knowingly . . . possessing . . . any visual

depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2). Here, the State presented testimonial and physical evidence that Smith possessed ten sexually exploitive images of minors under fifteen years old on his cellphone, and the jury subsequently rendered guilty verdicts on all ten counts of sexual exploitation of a minor.

¶11 "Sexual exploitation of a minor is a class 2 felony" and is punishable pursuant to A.R.S. § 13-705 "if the minor is under fifteen years of age[.]" A.R.S. § 13-3553(C). Pursuant to A.R.S. § 13-705(F), individuals convicted of sexual exploitation of a minor face a minimum sentence of ten years imprisonment for each count. Each sentence imposed "shall be consecutive to any other sentenced imposed[.]" A.R.S. § 13-705(P). Here, after the court found several mitigating factors, the court gave Smith the minimum sentence afforded by A.R.S. § 13-705, ten consecutive sentences of ten years each. The court also properly granted credit for 52 days of pre-sentence incarceration. We thus find no error in Smith's sentence.

## CONCLUSION

¶12 We have read and considered the briefs submitted and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. Accordingly, we affirm Smith's conviction and sentence. Upon the filing of this decision, defense counsel shall inform Smith of the status of the appeal and of his options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Smith shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

