NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA ALAN BERGSTROM, *Appellant*.

No. 1 CA-CR 23-0423
FILED 01-14-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202200431
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Damoui Law Offices, PLLC, Phoenix
By Shahin Damoui
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Joshua Bergstrom appeals his two felony convictions and sentences for the sale of narcotic drugs.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Bergstrom sold narcotic drugs to a confidential informant on three occasions.  Police recorded each transaction on video.  When interviewed by police, Bergstrom conceded he "traded drugs for money," and "it had been just a few days since he had traded drugs for money."

¶3        Bergstrom was arrested and charged with three counts of selling narcotics.  The jury found Bergstrom guilty of all three counts, but the superior court entered a directed verdict of acquittal on the third count because there was insufficient evidence to show he traded fentanyl in the third transaction.

¶4        At the sentencing hearing, the court found Bergstrom had three prior felony convictions, two of which were classified as historical priors, so the court sentenced Bergstrom under the sentencing range for a category three repetitive offender and imposed two consecutive mitigated sentences of 10.5 years each.

¶5        Bergstrom timely appealed.  We have jurisdiction.  *See* Ariz. Const. art. VI, § 9 and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶6        Bergstrom appeals both his convictions and sentences.  His arguments are raised for the first time on appeal, so we review for fundamental error.  *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018) (issues raised for the first time on appeal are reviewed for fundamental error).  He must show error that is both fundamental and prejudicial.  *Id.*

## I. Conviction.

**¶7** Bergstrom argues he did not "knowingly" sell narcotics because the informant coerced him to sell the narcotics. *See* A.R.S. § 13-3408(A)(7) (prohibiting a person from "knowingly" selling narcotic drugs). That argument fails because Bergstrom conflates knowledge and voluntariness. *Cf. State v. Alvarado*, 219 Ariz. 540, 545, ¶ 16 (App. 2008). The jury had ample evidence to infer that Bergstrom knowingly sold narcotic drugs, including video evidence and Bergstrom's admissions. We discern no error. *See Escalante*, 245 Ariz. at 142, ¶ 21 ("[T]he first step in fundamental error review is determining whether trial error exists.").

**¶8** Bergstrom also argues his trial counsel should have raised the affirmative defense of entrapment at trial, but this is an ineffective assistance of counsel claim, which is not reviewable on direct appeal. *State v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007) (holding that ineffective assistance of counsel claims may be brought only in Rule 32 post-conviction proceedings).

## II. Sentence.

**¶9** Bergstrom contends the superior court erred by finding he had three prior felony convictions. But he only challenges the one conviction that did not qualify as a historical prior, which made no difference to his sentencing. To qualify Bergstrom as a category three repetitive offender, the State need only prove two or more historical prior felony convictions. A.R.S. § 13-703(C).

**¶10** What is more, the superior court did not consider any of his prior convictions to be aggravating factors, so any potential error was not prejudicial. *See Escalante*, 245 Ariz. at 140, ¶ 12 (explaining that, under fundamental error review, alleged error must be both fundamental and prejudicial to warrant reversal).

**¶11** Finally, Bergstrom claims his cumulative sentence of 21 years violates the Eighth Amendment. We review constitutional issues de novo. *State v. Kasic*, 228 Ariz. 228, 231, ¶ 15 (App. 2011). The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishments. U.S. Const. amend. VIII. "[O]nly in 'exceedingly rare' cases will a sentence to a term of years violate the Eighth Amendment's prohibition on cruel and unusual punishment." *State v. Berger*, 212 Ariz. 473, 477, ¶ 17 (2006) (quoting *Ewing v. California*, 538 U.S. 11, 22 (2003)). Noncapital sentences are prohibited only if "grossly disproportionate to the crime." *Id.* at 476, ¶ 13 (quoting *Ewing*, 538 U.S. at 23).

**¶12**         Here, Bergstrom received two mitigated, consecutive sentences under Arizona law as a category three repetitive offender. A sentence does not become disproportionately long "merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate." *Id.* at 479, ¶ 28. And a sentence is not grossly disproportionate "if it arguably furthers the State's penological goals and thus reflects a rational legislative judgment, entitled to deference." *Id.* at 477, ¶ 17 (citation omitted). Here, Bergstrom's sentences further the State's penological goals of punishing and deterring drug dealers who pose a danger to society. *See Wigglesworth v. Mauldin*, 195 Ariz. 432, 437, ¶¶ 16–17 (App. 1999).

## CONCLUSION

**¶13**         Affirmed.



AMY M. WOOD • Clerk of the Court
FILED:
JR

4