NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALFREDO MAURICIO FLORES, *Petitioner*.

No. 1 CA-CR 24-0455 PRPC

FILED 02-20-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2020-138136-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Alfredo Mauricio Flores, Florence
*Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1** Alfredo Mauricio Flores petitions this court to review the superior court's order denying his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Two victims alleged that Flores molested them when they were around six years old. The victims did not know each other. They and their mothers had never spoken with each other, and the events occurred at least four years apart. After the victims and their mothers reported the assaults to the police, both investigations went inactive. *State v. Flores*, 1 CA-CR 22-0035, 2022 WL 3755735, at *1, ¶¶ 3-4 (Ariz. App. Aug. 30, 2022) (mem. decision) (as amended). Police reopened the investigations in 2020, interviewing one victim and reviewing the other's forensic interview. *Id.* at *1, ¶ 5. After a trial, a jury convicted Flores of two counts of sexual conduct with a minor, a class 2 felony, and one count of attempted sexual conduct with a minor, a class 3 felony.

**¶3** Flores appealed his convictions, and we affirmed. *Flores*, 1 CA-CR 22-0035, at *1, ¶ 1. He then petitioned the superior court for PCR. After his counsel found no arguable claims, Flores submitted a *pro se* petition for PCR. The superior court dismissed his petition, and he petitioned this court for review. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") §§ 13-4031 and -4239, and Rule 32.16.

## DISCUSSION

**¶4** Flores brings six claims on review: ineffective assistance of counsel ("IAC"), insufficient evidence, actual innocence, destroying exculpatory evidence, statute of limitations, and due process.[1]

**¶5** A petitioner must strictly comply with the Arizona Rules of Criminal Procedure to be eligible for PCR. *State v. Evans*, 252 Ariz. 590, 595, ¶ 7 (App. 2022). A PCR claim is subject to summary dismissal if the alleged facts are unlikely to change the verdict, *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016), and the court must dismiss the petition when it contains no claim which "presents a material issue of fact or law" that would entitle the defendant to relief, Ariz. R. Crim. P. 32.11(a). A petitioner must show the superior court abused its discretion by denying the petition to be entitled to relief. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). We review the court's interpretation of the Arizona Rules of Criminal Procedure and its legal conclusions *de novo*. *State v. Mendoza*, 248 Ariz. 6, 14-15, ¶ 12 (App. 2019) (Rules of Criminal Procedure); *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (legal conclusions).

**¶6** Flores fails to provide record citations in either his PCR petition or his petition for review. He is ineligible for relief on those grounds alone. Ariz. R. Crim. P. 32.7(b) (A PCR petition must "contain[] citations to relevant portions of the record."); Ariz. R. Crim. P. 32.16(c)(2)(C) (A petition for review must contain "specific references to the record for each material fact."). But, in addition, most of his claims are precluded from review.

**¶7** On direct appeal, this court determined that sufficient evidence supported the verdicts, *Flores*, 1 CA-CR 22-0035, at *2, ¶¶ 10-11, so Flores's claim of insufficient evidence is barred, Ariz. R. Crim. P. 32.2(b). Actual innocence is a separate claim requiring new evidence that the defendant is innocent. *See* Ariz. R. Crim. P. 32.1 (e), (h) (Newly discovered

---

[1] Flores also notes, with the record supporting his assertion, that he did not receive notice from the superior court granting him more time to file a reply, and thus he failed to reply. Even if this lack of notice amounted to error, Flores fails to show that it probably would have changed his verdicts or sentences, so we do not consider it further. *See State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016) (If the facts alleged by petitioner "would not have probably changed the verdict or sentence, then the claim is subject to summary dismissal.").

material facts entitle a defendant to relief if they clearly and convincingly prove that he or she could not reasonably be found guilty beyond a reasonable doubt.); *Evans*, 252 Ariz. at 598, ¶ 30 ("Restating arguments about the trial record does not establish a Rule 32.1(h) claim."). Meanwhile, Flores's due process, destroying evidence, and statute of limitations claims are barred because they could have been raised on direct appeal. Ariz. R. Crim. P. 32.2(a)(3) (A defendant is precluded from raising claims he waived at trial, appeal, or previous post-conviction proceedings.).

**¶8**        What remains, then, are Flores's IAC claims. We review these claims because they may only be considered for the first time on PCR. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

**¶9**        To bring a colorable IAC claim, a petitioner must prove deficient performance by counsel and prejudice to his or her case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). Failure to prove either dooms an IAC claim. *Bennett*, 213 Ariz. at 567, ¶ 21. Deficient performance considers "whether counsel's representation fell below an objective standard of reasonableness." *Hinton v. Alabama*, 571 U.S. 263, 272 (2014) (quotation omitted). Counsel's performance is measured against "reasonableness under prevailing professional norms," *id.* at 273 (quotation omitted), and the deficiency must be established by "demonstrable reality," not mere speculation, *State v. Miller*, 251 Ariz. 99, 102, ¶ 10 (2021). Prejudice requires the petitioner to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

**¶10**        At the outset, we note that a claim of IAC considers *counsel's* deficiencies, not the actions of the court, prosecutors, victims, or law enforcement. *See, e.g.*, *Strickland*, 466 U.S. at 684-86 (An IAC claim arises under a defendant's Sixth Amendment right to counsel for his or her defense.). Thus, we only consider Flores's claims against his counsel.

**¶11**        Flores argues his counsel was ineffective because he (1) did not know about Flores's case when they met, (2) failed to sever the two victims into separate trials, (3) flirted with the prosecutors, (4) could not properly present his PowerPoint presentation, (5) failed to pay sufficient attention to inconsistencies in the testimony, and (6) failed to impeach witnesses. Because Arizona courts have not recognized a claim for cumulative IAC, *Pandeli*, 242 Ariz. at 191, ¶ 69, at least one claim must, on

its own, show counsel's deficiency and prejudice to the case for Flores to prevail. None do.

¶12            As for the claims that counsel did not initially know about the case and flirted with prosecutors, Flores failed to show these actions prejudiced his case. The alleged events do not appear to have occurred during critical stages of the proceedings, such as during a substantive hearing or in front of the jury. As a result, we cannot say that these actions would have affected the judge or jury and had a substantial likelihood of affecting the results in this case.

¶13            As for the claims that counsel failed to pay sufficient attention to inconsistencies or to impeach witnesses, the record fails to support these claims. Indeed, many issues Flores argues were raised by counsel during cross-examinations and closing. Without more evidence, we cannot say counsel's performance fell below the objective standard of reasonableness.

¶14            Flores fails to demonstrate that counsel's inability to present a PowerPoint was objectively unreasonable. He presents no evidence of a standard requiring counsel to have electronic presentations for the jury and therefore failed to show the lack of presentation arose to the level of deficient performance.

¶15            Finally, Flores failed to show that counsel should have severed the two victims' trials. Joint trials are generally the rule rather than the exception. *State v. Allen*, 253 Ariz. 306, 333, ¶ 56 (2022) (citation omitted). Offenses joined because they are of a similar character may be severed only if the evidence of the offenses is not cross-admissible in separate trials. Ariz. R. Crim. P. 13.3, 13.4(b). But Flores did not argue why his charges should be tried separately or why the evidence of the offenses would be inadmissible in separate trials. *Reed*, 252 Ariz. at 238, ¶ 6 (Petitioner bears the burden of proving he or she is entitled to relief.). Thus, Flores failed to show counsel's deficiency.

¶16            Flores failed to bring more than speculation that he received assistance from ineffective counsel. As a result, we deny relief.

## CONCLUSION

¶17        We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR