NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SANDY PERRANOSKI SAULSBERRY, *Appellant.*

No. 1 CA-CR 18-0769
FILED 6-18-2019

---

Appeal from the Superior Court in Yuma County
No. S1400CR201701124
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

Sandy Perranoski Saulsberry, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        Sandy Perranoski Saulsberry timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for misconduct involving weapons, a class 4 felony. Saulsberry's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Saulsberry filed a supplemental brief arguing ineffective assistance of trial counsel; a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), arising from the State's purported failure to disclose allegedly exculpatory lab results; and a violation of the Sixth Amendment because there were no African American members of the jury. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Saulsberry's conviction and resulting sentence.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        On the morning of October 1, 2017, a police officer saw Saulsberry as he was riding his bike on a street in Yuma. When the officer made contact and attempted to talk to Saulsberry, Saulsberry became confrontational and then fled the area on his bicycle. Initially the officer pursued Saulsberry on foot, then returned to his vehicle and continued the pursuit. During the pursuit, the officer made eye contact with Saulsberry who was holding a pistol, which he then threw to the ground. The officer reported over his radio that Saulsberry had dropped a pistol and continued to pursue Saulsberry until he jumped off his bike and ran inside a nearby house. The officer called other police officers to the area and one, Sergeant Williams, went to the area where Saulsberry dropped the pistol "within minutes" of the officer's call. The first officer and Sergeant Williams took photographs of the pistol and took it into evidence.

¶3        Saulsberry was arrested and interviewed by Detective Montana regarding the chase on November 2, 2017. During the interview, Saulsberry admitted fleeing from police on October 1 and acknowledged that he was not supposed to possess or handle firearms because he is a

prohibited possessor. Saulsberry told Detective Montana that he had handled a pistol sometime in September and described the pistol as "silver but a little bit darker" with wooden handles. Saulsberry identified a photograph of the pistol recovered on October 1 as the pistol he had handled in September without being told that the picture was of the recovered pistol. The State did not find any fingerprints on the pistol and did not test the pistol for DNA.

**¶4** The State charged Saulsberry with one count of misconduct involving weapons, a class 4 felony. The State subsequently amended the indictment to allege nine prior felony convictions.

**¶5** At trial, Saulsberry stipulated to five prior felony convictions and the State presented testimony from three officers as well as physical exhibits related to the charged conduct. The jury found Saulsberry guilty as charged, and the court later sentenced him to ten years' imprisonment. Saulsberry timely appealed.

## DISCUSSION

**¶6** The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Saulsberry is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and that Saulsberry was represented by counsel at all stages of the proceedings and was present at all critical stages including the trial, verdict, and sentencing. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). At sentencing, Saulsberry had the opportunity to speak on his behalf and the court stated, on the record and by reference to the earlier mitigation hearing, the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentence imposed was within the statutory limits. *See* Ariz. Rev. Stat. §§ 13-701 to -709.

**¶7** The arguments raised by Saulsberry in his supplemental brief do not change our analysis as they are either not properly before us or without merit. First, ineffective assistance of counsel claims "are to be brought in [Arizona Rule of Criminal Procedure] 32 proceedings" and may not be raised on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 414, ¶ 16 (2007) (citing *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002)). Second, though Saulsberry alleges the State failed to provide him with exculpatory laboratory tests on the pistol, the record does not reflect any such failure. At least as early as April 24, 2018, four months prior to trial, Saulsberry himself stated on the record that he had been advised by his counsel that

the State had sent the pistol for testing and that it had come back without any fingerprints or DNA. At trial, the investigating officer testified that the police had never tested the pistol for DNA and their forensic testing had not found any fingerprints. Thus, the record belies Saulsberry's argument that the police concealed exculpatory evidence and shows that the investigating officer informed the jury no DNA or fingerprints had been found on the pistol. Finally, Saulsberry's contention that his Sixth Amendment rights were violated because there were no African American jurors on his jury is meritless. *See Apodaca v. Oregon*, 406 U.S. 404, 413 (1972) ("[A] defendant may not . . . challenge the makeup of a jury merely because no members of his race are on the jury, but must prove that his race has been systematically excluded."). Saulsberry does not argue, and the record does not reflect, that any jurors were improperly excluded on the basis of race. Thus, the court did not err in empaneling the selected jury.

## CONCLUSION

**¶8**          We have reviewed the entire record for arguable issues of law and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300–01.

**¶9**          Defense counsel's obligations pertaining to Saulsberry's representation in this appeal have ended. Counsel need do no more than inform Saulsberry of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Saulsberry has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Saulsberry has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4