NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

RUBEN ESTRADA, JR., *Appellant.*

No. 1 CA-CR 18-0873
FILED 3-26-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-141215-001
The Honorable Erin O'Brien Otis, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**W E I N Z W E I G**, Judge:

¶1　　　　Ruben Estrada, Jr. appeals his convictions and sentences for threatening or intimidating, aggravated assault and assisting a criminal street gang. After searching the record and finding no arguable, non-frivolous question of law, Estrada's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Estrada had the opportunity to file a supplemental brief but did not. We affirm Estrada's convictions and sentences after reviewing the record.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Estrada yelled at Eliseo Alvarado from across the street; Estrada announced his gang affiliation and demanded that Alvarado announce his gang affiliation. Alvarado and Estrada did not know each other. Alvarado approached Estrada, saying he did not "gang bang." A heated verbal exchange ensued during which Estrada pulled a gun from his waistband and pointed it at Alvarado. Alvarado's brothers-in-law, Ric and Alex, ran towards the fracas. His wife called police. Ric challenged Estrada to either use the gun or "duke it out." Estrada tossed the gun down and fought Ric. Police arrived a few minutes later. Police located Estrada's gun, identified as a BB gun, although Alvarado believed it was real.

¶3　　　　Estrada was arrested and charged with two counts of threatening or intimidating (one count each for Ric and Alvarado), two counts of aggravated assault (same), and one count of assisting a criminal street gang, all class three felonies. The State alleged six prior felony convictions and several aggravating circumstances. Estrada pleaded not guilty to all counts.

¶4　　　　The jury acquitted Estrada of threatening or intimidating and aggravated assault as to Ric, but hung on threatening or intimidating as to Alvarado, assisting a criminal street gang, and aggravated assault as to Alvarado. A ten-day retrial was held on those counts. The State presented

16 witnesses, including 13 law enforcement officers who testified to Estrada's gang affiliation. Estrada testified and offered two witnesses. He asserted self-defense and claimed no present street gang affiliation. The jury found Estrada guilty on all three counts.

¶5             During the aggravation phase, Estrada admitted he was on felony probation for a prior offense (A.R.S. § 13-708(C)), and the jury unanimously found that he caused emotional harm to the victim (A.R.S. § 13-701(D)(9)). The jury hung, however, on whether Estrada intended to promote, further or assist any criminal conduct by a criminal street gang (A.R.S. § 13-714).

¶6             The court found six prior felony convictions and sentenced Estrada to 11.25 years in prison for each count, to run concurrently, with 452 days of presentence incarceration credit. Because Estrada was on probation for two prior felony convictions at the time of these offenses, the court automatically revoked his probation and imposed two additional sentences of 1.5 years and .5 years, running concurrently together but consecutively to the 11.25-year sentences. *See* A.R.S. § 13-708(C), (E). Estrada received 237 days of presentence incarceration credit towards the probation revocation sentence. The court also imposed various fees. Estrada timely appealed.

## DISCUSSION

¶7             We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Estrada was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Estrada all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Estrada's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

¶8             Although Estrada failed to file a supplemental brief, he mentioned four issues to his attorney, including "(1) the timeliness of disclosures made in advance of trial, (2) timeliness of witness disclosure, (3) the inconsistent jury verdict and aggravation verdict, and (4) ineffectiveness of counsel." We found no error in the record on the timeliness of disclosures. The court precluded the testimony of one police

officer for untimely disclosure and arranged for defense counsel to interview a second police officer, but found no other disclosure violations in its discretion. Nor was the jury verdict inconsistent with the gang aggravator, which have different elements. *See State v. Harm*, 236 Ariz. 402, 408, ¶¶ 21-22 (App. 2015). And last, Estrada cannot raise the ineffective assistance of counsel argument on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007) ("[A] defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review.").

## CONCLUSION

**¶9**        Estrada's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Estrada is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Estrada has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA